**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

The Estate of Shyuan Hsia, by and )
through Lynn Chao, Executrix and )
Personal Representative of the Estate )
of Shyuan Hsia, et al., )
)
        Plaintiffs, )
    v. )  C.A. No. N25C-04-270 FJJ
)
KAPG Hockessin Senior Housing )
OPCO, LLC, d/b/a The Summit, )
Hockessin Senior Housing I, et al., )
)
        Defendants )
        /Third-Party Plaintiffs, )
    v. )
)
Kevin Kelly, Thomas Terranova, )
Timothy Terranova, et al., )
)
        Third-Party )
        Defendants. )

Submitted: June 9, 2026
Decided: June 30, 2026

## ORDER

*on Timothy Terranova and Thomas Terranova's
Motion for Costs and Fees*

1. On May 26, 2026 this Court entered an order awarding Timothy and Thomas Terranova fees and costs. In that order the Court ordered the Terranova's to file a more detailed accounting of the fees and costs that they were requesting. The Terranovas' filed their supplement on June 9, 2026. Defendant KAPG Hockessin Senior Housing OPCO, LLC d/b/a The Summit ("Summit") was afforded an opportunity to response to the

Terranova's filing which it declined to do.

2. I award the Terranovas' costs in the amount of $469.45. I have limited my award for costs to court fees, courtscribes costs and process fees. In the May 26, 2026 order, I advised the parties that when considering any award for the costs of transcripts I would apply the same analysis that would be applied to a request for transcripts post-trial. The Terranovas' have shown that the transcripts of the various witnesses being sought were part of the record for the motion. While the two court transcripts relating first to the original motion for judgment on the pleadings and the motion to amend the complaint were a closer call, I choose not to award those costs because I do not think they fall within the requirements of Rule 54(d). As for the medical records and printing charges I also find that they do not fall within Rule 54(d).

3. As for the attorneys fees I have reviewed the materials submitted against the factors set forth in Rule 1.5(a) of the Delaware Lawyers Rules of Professional Conduct. I have considered the eight factors outlined in that rule. I conclude that the time and labor required, the difficulty of the questions involved and the skill requisite to perform the legal work was undertaken by people with the appropriate level of expertise required to complete the work. I find that this engagement prevented counsel from taking on other matters. I further find that the hourly fee charged was more

than reasonable given the expertise of the timekeepers involved. I find that the total amount of time and expense incurred when measured against the result obtained justify the amount being requested. I find that the time limitations imposed required the work to be done in the manner in which it was done. I find that the experience level and reputation of the lawyers seeking fees justified the rate being requested. In short, all of the factors under Rule 1.5(a) support an award of fees in the amount of $63,277.50 and I award that amount.

**IT IS SO ORDERED**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress